IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Christine M. Arguello

Criminal Case No. 1:21-cr-00142-CMA-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

FANICE ANDREA REED,

    Defendant.

## ORDER

    This matter is before the Court on Defendant Francie Andrea Reed's *pro se* Request to Cancel Offset (Doc. # 63), and letter (Doc. # 64) requesting (1) a hearing regarding her sentence, and (2) appointment of counsel for a not-yet-filed Motion to Vacate, Set Aside, or Correct Sentence under 28 USC § 2255. Ms. Reed also requested that her letter be sealed. (Doc. # 64 at 1.)

    Ms. Reed first asks that "an offset" not be placed on her account because, she asserts she is not required to begin paying restitution until her probation begins in a year. (Doc. # 63 at 1.) Pursuant to a plea agreement, Ms. Reed was convicted of theft or conversion of government property in violation of 18 U.S.C. § 641. (Doc. # 21.) She was sentenced to 27 months imprisonment and ordered to pay $72,727.99 in restitution. (Docs. # 21, 36, 53.) Final judgment was entered on January 6, 2022. (Doc. # 36.) This Judgment specified that Ms. Reed's restitution obligations were "due immediately" (Doc.

# 36 at 7.) Therefore, the Court will deny Ms. Reed's request that an offset not be placed on her account.

The Court next turns to Ms. Reed's letter regarding her sentence. (Doc. # 64.) As an initial matter, the Court denies Ms. Reed's request that the letter be sealed. (Doc. # 64 at 1.) Ms. Reed has not provided a compelling reason to seal her letter, nor has she complied with local rules regarding the filing of such requests. *See* CMA Crim. Practice Standard 11(c)(3); D.C.COLO.LCrR 47.1.

Ms. Reed requests a hearing to discuss her sentence as well as counsel to represent her in filing a Motion to Vacate, Set Aside, or Correct Sentence under 28 USC § 2255. (Doc. # 64 at 2.) Ms. Reed makes no arguments in her letter but has attached several documents related to the First Step Act. (Doc. # 64 at 3-9.) To the extent Ms. Reed requests reduction in, or recalculation of her sentence due to "earned time credits," the award of such credits are within the purview of the Bureau of Prisons, not this Court. 18 U.S.C § 3632. If Ms. Reed disputes the calculation or award of earned time credits, she may apply to this Court for review by filing a motion under 28 U.S.C. § 2241. Therefore, Ms. Reed's request for a hearing will be denied as premature.

Decisions regarding appointment of counsel in habeas corpus proceedings generally are "left to the court's discretion." *Swazo v. Wyo. Dep't of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994). "[T]here is a right to counsel in a habeas case when the district court determines that an evidentiary hearing is required." *Id.* In particular, Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[i]f an evidentiary hearing is warranted, the

judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A." Furthermore, Rule 6(a) provides that, "[i]f necessary for effective discovery, the judge must appoint an attorney for a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A."

There is no indication that Ms. Reed will be unable to express her arguments regarding her requested relief under § 2255 or to respond to the United States Attorney's Answer when that is filed. Further, as Ms. Reed has not yet filed her Motion to Vacate, the Court cannot determine whether an evidentiary hearing or discovery is warranted in this action. Therefore, Ms. Reed's request for appointment of counsel (Doc. # 64) will be denied as premature.

Accordingly, the Court ORDERS as follows:

- the Request to Cancel Offset (Doc. # 63) is DENIED. Defendant is required to pay restitution according to the final Judgment entered in her case (Doc. # 36);
- the request to seal documents relating to Ms. Reed's request for a hearing and for counsel (Doc. # 64 at 1) is DENIED;
- the requests for a hearing and for appointment of counsel (Doc. # 64 at 2) are DENIED without prejudice as premature.
- Document #65 is STRUCK as an unauthorized filing.

DATED: January 9, 2023            BY THE COURT:

*Christine M. Arguello*
CHRISTINE M. ARGUELLO
Senior United States District Judge